UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X    14 CIV1266 (DLC)
NEW YORK STATE PROFESSIONAL PROCESS
SERVERS' ASSOCIATION, INC. on behalf of aggrieved    **ORDER TO SHOW CAUSE**
members, HOWARD CLARKE, AND STEPHEN J.    **FOR PRELIMINARY INJUNCTION**
BOYKO, INC. D/B/A CONSOLIDATED CLAIMS    **WITH TEMPORARY**
SERVICE, Individually, and as representatives    **RESTRAINING ORDER**
For all similarly situated Process Servers and
Process Serving Agencies as defined by the New
York City Administrative Code 20-404,

                Plaintiffs,

      Against

City of New York, and Michael T. Bloomberg,
Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy
Schindler, Esq., Bruce Dennis, Esq., James
Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen,
Esq., Nicholas J. Minella, Esq., Alvin Liu, Esq.,
Shannon Bermingham, Jordan Cohen, Esq., Philip
Kimball, Esq., Lori Barrett, Esq., Megan Roberts,
Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison
Rene Johnson, Esq., Margarita Marsico, Esq.,
David Cho, K. James, Wilfredo Lopez, Esq., Eunice
Rivera, G. Pikulina, P. Kumar, Michele Mirro, Esq.,
Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq.,
Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan
Kassapian, Esq., M. Nwikpo-Oppong, Esq., Eryn
DeFontes, Esq., Richard Zeitler, Jr., Esq., David
Scott Paul, Esq., Shanet Viruet, Esq., and Judith
Gould, Esq., All Individually and in their
capacities as officials and employees of the City
of New York,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X





      Upon the Affirmation of TRACY J. HARKINS, ESQ., Attorney for Plaintiffs dated March 6, 2014, and the Exhibits annexed thereto, and

Upon the Affidavit of Larry Yellon, President of the New York State Professional Process Servers Association, Inc. dated March 6, 2014, and,

Upon the copy of the complaint annexed hereto, and

Upon Plaintiffs' Memorandum of Law in Support,

**NOW**, on motion of **TRACY J. HARKINS, ESQ., Attorney for Plaintiffs**,

**IT IS HEREBY ORDERED** that Defendants show cause before a motion term of this Court, Room B15, United States Courthouse at 500 Pearl Street, City, County, and State of New York on _____ at _____ a.m./p.m., or as soon thereafter as counsel may be heard, why an Order should not be issued:

1) Pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the Defendants during the pendency of this action from

    a. enforcing the New York City Code, Title 20, Chapter 2, Subchapter 23, and the Rules of the City of New York, Title 6, Chapter 2, Subchapter W administratively against Plaintiffs, on the grounds Defendants lack jurisdiction under the N.Y.C. Admin Code 20-106,

    b. enforcing New York City Code, Title 20, Chapter 2, Subchapter 23, Sections 20-406(c), and Rules of the City of New York, Title 6, Chapter 2, Subchapter W, Section 2-232d on the grounds those provisions deny Plaintiffs equal protection of the law;

    c. enforcing the N.Y.C. Admin. Code, Title 20, Chapter 1, Section 20-101 as a statute creating a standard of conduct forming the basis of a violation and penalty, on the ground that it was not enacted as a statute defining a standard of conduct nor a statute creating a violation for which a penalty may be imposed, and enforcement denies Plaintiffs substantive and procedural due process;

    d. enforcing Rules of the City of New York, Title 6, Chapter 2, Subchapter W, on the grounds they were not enacted as violations for which a penalty may be imposed pursuant to Chapter 45 of the N.Y.C. Charter, Section 1043(d)(1), and denies Plaintiffs substantive and procedural due process;

    e. enforcing 6 RCNY 2-233a, 2-233b, 6 RCNY 2-234a, 6 RCNY 2-235, and 6 RCNY 2-236 on the grounds they are vague as applied and/or on their face, and deny Plaintiffs due process;

    f. commencing or continuing enforcement, adjudication, or collection proceedings for fines or civil penalties against Process Servers under the Administrative Code, Title 20, Chapter 2, or the Rules of the City of New York Title 6, Chapter 2 unless there has been a prior conviction by a criminal court for the offense charged pursuant to the Administrative Code, Title 20, Chapter 1, Section 20-106;

    g. commencing or continuing proceedings to suspend, revoke, or deny renewal of process serving license under N.Y.C. Admin. Code Section 20-409(a) without a hearing, and, under the Administrative Code, Title 20, Chapter 2, or the Rules of the City of New York Title 6, Chapter 2 unless there has been a prior conviction for the offense charged pursuant to the Administrative Code, Title 20, Chapter 1, Section 20-106;

    h. enforcing any provisions of any "Assurance of Discontinuance" agreement or "Consent Order" between Defendant(s) and any Process Server Licensee on the grounds of lack of consideration and invalidity;

    i. soliciting any future "Assurance of Discontinuance" agreements or "Consent Orders" from any Process Server Licensee which contain injunctive provisions or require payment of civil penalties in excess of statutory maximums; and,

2) such other and further relief as the Court deems just; and it is further,

**ORDERED** that, sufficient reason having been shown therefore, pending the hearing of Plaintiffs' application for a preliminary injunction, Defendant City of New York, its employees and agents are temporarily restrained and enjoined from:

a. enforcing the New York City Code, Title 20, Chapter 2, Subchapter 23, and the Rules of the City of New York, Title 6, Chapter 2, Subchapter W administratively against Plaintiffs,

b. enforcing New York City Code, Title 20, Chapter 2, Subchapter 23, Sections 20-406(c), and Rules of the City of New York, Title 6, Chapter 2, Subchapter W, Section 2-232d;

c. enforcing the N.Y.C. Admin. Code, Title 20, Chapter 1, Section 20-101 as a statute creating a standard of conduct forming the basis of a violation and penalty;

d. enforcing Rules of the City of New York, Title 6, Chapter 2, Subchapter W;

e. enforcing 6 RCNY 2-233a, 2-233b, 6 RCNY 2-234a, 6 RCNY 2-235, and 6 RCNY 2-236;

f. commencing or continuing enforcement, adjudication, or collection proceedings for fines or civil penalties imposed against Process Servers under the Administrative Code, Title 20, Chapter 2, or the Rules of the City of New York Title 6, Chapter 2 unless there has been a prior conviction by a criminal court for the offense charged pursuant to the Administrative Code, Title 20, Chapter 1, Section 20-106;

g. commencing or continuing proceedings to suspend, revoke, or deny renewal of process serving license under N.Y.C. Admin. Code Section 20-409(a) without a hearing, and, under the Administrative Code, Title 20, Chapter 2, or the Rules of the City of New York

Title 6, Chapter 2 unless there has been a prior conviction for the offense charged pursuant to the Administrative Code, Title 20, Chapter 1, Section 20-106;

    h. enforcing any provisions of any "Assurance of Discontinuance" agreement or "Consent Order" between Defendant(s) and any Process Server Licensee;

    i. soliciting any future "Assurance of Discontinuance" agreements or "Consent Orders" from any Process Server Licensee which contain injunctive provisions or require present or future payment of civil penalties or fines in excess of statutory maximums, and it is further

    **ORDERED** that security in the amount of $_____ be posted by Plaintiff prior to _____ at _____ o'clock a.m./p.m. of that day, and it is further

    **ORDERED** that personal service of a copy of this Order and supporting papers upon Defendant City of New York, Corporation Counsel, 100 Church Street, New York, NY 10007 by the following date/time: _____ shall be deemed good and sufficient notice of the relief sought herein, and it is further

    **ORDERED** that this Order with proof of service must be filed in person/electronically with the Clerk's office by: _____, and, it is further,

    **ORDERED** that answering papers shall be served upon Plaintiff's attorney on or before _____, and filed with the Court pursuant to Court rules, and it is further

    **ORDERED** that reply papers shall be served upon answering Defendants on or before _____, and filed with the Court pursuant to Court rules,

**ORDERED** that the parties and their attorneys shall only appear to argue the motion if so directed by the Court by order or by a Judge's Individual Practice.

Dated: New York, New York

ISSUED: _____M

_____
United States District Court Judge