UNITED STATES DISTRICT COURT                    Civil Action **No. 14 CV 1266**
SOUTHERN DISTRICT OF NEW YORK                        **(DLC)(MHD)**
--------------------------------------------------------------------------
New York State Professional Process Servers Association, Inc.
on behalf of itself and aggrieved former and current members,
and Howard D. Clarke, and Stephen J. Boyko, Inc. d/b/a
Consolidated    Claims    Service,    Individually,    and    as
Representatives   for   all   similarly   situated   Process   Server
Individuals and Process Serving Agencies as defined by the New
York City Administrative Code, Title 20, Chapter: 2, §20-404,

                              Plaintiffs,              **AMENDED COMPLAINT**


              Against

City of New York, and Michael T. Bloomberg, Bill deBlasio,
Jonathan E. Mintz, Alba Pico, Marla Tepper, Esq., Sanford
Cohen, Esq., Nancy J. Schindler, Esq., Bruce Dennis, Esq.,
James M. Plotkin, Esq., Nicholas J. Minella, Esq., Alvin Liu,
Esq., Shannon Bermingham, Jordan Cohen, Esq., Philip
Kimball, Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda
Day, Esq., Fred R. Cantor, Esq., Allison Rene Johnson, Esq.,
Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez,
Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro,
Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T.
Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq.,
Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq.,
Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet,
Esq., and Judith Gould, Esq., all Individually and in their
capacities as officials and employees of the City of New York,

                              Defendants.
--------------------------------------------------------------------------


        Plaintiffs, by their attorney, TRACY J. HARKINS, ESQ. as and for their Amended

Complaint against Defendants hereby alleges as follows:

## JURISDICTION

1.      This Court has jurisdiction over the controversies in this action under 28 U.S.C. 1331,

42 U.S.C. 1983, and 18 U.S.C. 1964(c). Venue is based on Defendants' principal place of business.

## PARTIES

2.      At all times hereafter mentioned, Plaintiff New York State Professional Process Servers

Association, Inc. (hereafter "NYSPPSA") was and is an association duly organized and existing

under the laws of the State of New York, whose current and former membership includes individual

process servers and process serving agencies licensed to do business in the City of New York

pursuant to Title 20, Chapter 2, Subchapter 23 of the New York City Administrative Code.

3.      At all times hereafter mentioned, Plaintiffs Howard D. Clarke, Stephen J. Boyko, Inc. d/b/a

Consolidated Claims Services, and putative class members under F.R.C.P. 23(1), (2), and (3) were

individuals or business entities licensed to do business as individual process servers or process

serving agencies in the City of New York.

4.      Defendant City of New York is a municipal corporation duly organized and operating

pursuant to the Laws of the State of New York and the New York City Charter.

5.      At all times hereafter mentioned, until December 31, 2013, Defendant Michael Bloomberg

was the Mayor and Chief Executive Officer of the City of New York, charged with the duty to

establish and maintain such policies and procedures as necessary for the effectiveness and integrity

of the City government operations, including the implementation of effective systems of internal

control by City agencies and units under the jurisdiction of the Mayor pursuant to the New York

City Charter..

6.      At all times hereafter mentioned, until December 31, 2013, Defendant Bill deBlasio was the

New York City Public Advocate, charged with the duty to, among other things, receive individual

complaints concerning city services and other administrative actions of city agencies; and  investigate and otherwise attempt to resolve such individual complaints except for those which (i) another city agency is required by law to adjudicate, (ii) may be resolved through a grievance mechanism established by collective bargaining agreement or contract, or (iii) involve allegations of conduct which may constitute a violation of criminal law or a conflict of interest; and from January 1, 2014 to the present time,  Defendant Bill deBlasio was and is the successor Mayor and Chief Executive of the City of New York, charged with the duty to establish and maintain such policies and procedures as necessary for the effectiveness and integrity of the City government operations, including the implementation of effective systems of internal control by City agencies and units under the jurisdiction of the Mayor pursuant to the New York City Charter.

7.      At all times hereafter mentioned, Defendant Jonathan Mintz was an individual and the Commissioner of the New York City Department of Consumer Affairs, an agency under the jurisdiction of the Mayor, and Defendant Alba Pico was the First Deputy Commissioner, and successor acting-Commissioner, with duties and powers governed by the New York City Charter, Chapter 64; the New York City Administrative Code, Title 20; and, the Rules of the City of New York, Title 6.

8.      At all times hereafter mentioned, Defendant Nancy Schindler, Esq. was an individual and the Deputy Commissioner and Director of Adjudication for the NYC Department of Consumer Affairs.

9.      At all times hereafter mentioned, Defendant Bruce Dennis, Esq. was the Deputy Director of Adjudication for the New York City Department of Consumer Affairs.

10.      At all times hereafter mentioned, Defendant James Plotkin, Esq. was the Deputy Director of Adjudication for the New York City Department of Consumer Affairs.

11.     At all times hereafter mentioned, Defendants Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Esq., Philip Kimball, Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, were individuals and employees of the NYC Department of Consumer Affairs, assigned to enforcement of New York City Process Server regulations.

12. At all times hereafter mentioned, Defendants Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq., were individuals and Administrative Law Judges employed by the City of New York, assigned to the New York City Department of Consumer Affairs Adjudication Tribunal.

## FACTUAL BACKGROUND

11.     At all times hereafter mentioned, the rights and duties of Plaintiffs and Defendants were subject to the laws of the United States of America, the State of New York, and the City of New York.

13.     At all times hereafter mentioned and continuing to the present time, the New York City Administrative Code, Title 20, Chapter 2, Subchapter 23, and Title 6 of the Rules of the City of New York, Chapter 2, Subchapter W (hereafter the "New York City Codes and Rules Regulating Process Servers") regulated process server individuals and process serving agencies conducting business in the City of New York.

14.     At all times hereafter mentioned, the violation of the New York City Codes and Rules regulating process servers was an "offense" pursuant to the New York City Administrative Code

§20-106 and the New York State Penal Law, §10.00(1), the jurisdiction over which is vested in the New York City criminal court when the offense was committed in the City of New York pursuant to the New York State Constitution §15(c), and the New York City Criminal Court Act §31(2).

15.   At all times hereafter mentioned, Defendants Michael Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Esq., Philip Kimball, Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. are charged with the knowledge that the Rules of the City of New York, Chapter 6, Subchapter W regulating process servers and process serving agencies were not duly enacted, amended, or retrospectively reviewed as Rules which create a violation for which a penalty could be imposed pursuant to the New York City Charter, Chapter 45, Section 1043(d), and Local Law 35/2013.

16.   At all times hereafter mentioned, the individual Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Nicholas J. Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Esq., Jordan Cohen, Esq., Philip Kimball, Esq. Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar were officials and employees of the City of New York Department of Consumer Affairs, whose powers and jurisdiction are governed by the United

States Constitution, the New York State Constitution, the New York City Charter, and the New York City Administrative Code.

17.    At all times hereafter mentioned, the individual Defendants Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. were individuals employed by the City of New York as administrative law judges for the Department of Consumer Affairs Adjudication Tribunal, whose powers and conduct were and are governed by the laws of the United States, the State of New York, the New York City Charter, the New York City Administrative Code, and the Rules of the City of New York.

18.    Upon information and belief, during the period February 27, 2005 to March 8, 2013, on at least two occasions each, and on up to 200 occasions cumulatively, Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar, knowingly and intentionally issued and delivered, or caused to be issued and delivered, Subpoenas directed to Plaintiffs Howard Clarke, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Bold Appellate Solutions, Bruce Schwartz Process Server, Capital Process Servers, Inc., C-ME Process Service, LLC, Howard Belfer,

Inc., On the Go Process Serving, Inc., One World Judicial Services, Inc. and ZW Agency, Inc., and putative class members.

19.     The said Defendants' Subpoenas expressly commanded Plaintiffs Howard Clarke, and former and current NYSPPSA members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Bold Appellate Solutions, Bruce Schwartz Process Server, Capital Process Servers, Inc., C-ME Process Service, LLC, Howard Belfer, Inc., On the Go Process Serving, Inc., One World Judicial Services, Inc. and ZW Agency, Inc., and putative class members not to disclose the existence of the Subpoenas to anyone.

20.     During the period commencing on or about February 27, 2005 to November 27, 2013, and continuing to the present, on at least two occasions each, and on as many as 300 occasions cumulatively, Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Esq., Philip Kimball, Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar, knowingly and intentionally authored, or caused to be authored, letters addressed to Plaintiffs Howard Clarke, Stephen J. Boyko, Inc. d/b/a Consolidated Claims, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New

York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas

Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz

Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service,

LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and

Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process

Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager &

Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process

Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S.

Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc.,

Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North

American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc.,

Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc.,

Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a

KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research

Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process,

United Investigation Service of Greater New York, Inc., United States Process Service, Donna

Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members

alleging violations of the "Rules" regulating Process Servers against said Plaintiffs, and stating that

the Department of Consumer Affairs may impose fines of $1000.00 per violation, and advising said

Plaintiffs that if they did not settle the charges, they may face additional charges and additional fines

and revocation of license.

21.   During the period commencing on or about February 27, 2005 to November 27, 2013, and

continuing to the present, on at least two occasions each, and as many as 300 occasions

cumulatively, Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Marla Tepper, Esq.,

Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan

Cohen, Esq., Philip Kimball, Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred

Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo

Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar knowingly and intentionally authored or

caused to be authored, and/or coercively solicited "Assurance of Discontinuance" agreements

and/or "Consent Orders" from Plaintiffs Howard Clarke, Stephen J. Boyko, Inc., d/b/a

Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg,

Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub,

Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick,

Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New

York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas

Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz

Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service,

LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and

Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process

Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager &

Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process

Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S.

Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc.,

Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North

American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc.,

Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc.,

Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members to sign, imposing fines and/or civil penalties in excess of statutory maximums and/or containing injunctive directives not authorized by law restricting business practices, and providing for the waiver of said Plaintiffs' statutory and constitutional rights.

22.     During the period on or about February 27, 2005 to November 27, 2013, and continuing to the present, on at least two occasions each, and as many as 300 occasions cumulatively, Defendants Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Susan Kassapian, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Esq., Philip Kimball, Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar knowingly and intentionally authored, or caused to be authored, Notices of Hearing and/or Notices of Violations, charging violations of the New York City Codes and Rules regulating Process Servers, and/or violations of "Consent Orders" against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas

Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members.

23.     The said Defendants' "Notices of Hearing" and "Notices of Violation" ordered Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold

Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members to appear before the New York City Department of Consumer Affairs Adjudication Tribunal to answer "charges" and show cause why Plaintiffs' licenses should not be suspended or revoked, and why monetary penalties should not be imposed upon Plaintiffs, and why Plaintiffs should not be disqualified from being granted any license issued by the New York City Department of Consumer Affairs, on the grounds of alleged violations of the New York City Codes and Rules regulating Process Servers, and/or violations of "Consent Orders".

24.     During the period between on or about February 27, 2005 and February 25, 2014, and continuing to the present, on at least two occasions each, and as many as 300 occasions

cumulatively, Defendants Marla Tepper, Esq., Sanford Cohen, Esq., Susan Kasspian, Esq., Alvin

Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Esq., Philip Kimball,

Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene

Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera,

Galina Pikulina, and P. Kumar served as the contacts for inquiries to the New York City

Department of Consumer Affairs from Plaintiffs Howard Clarke, Stephen J. Boyko, Inc. d/b/a

Consolidated Claims, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur

Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin

Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan

Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York,

Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial

Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process

Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC,

Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates,

Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service,

Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager &

Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process

Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S.

Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc.,

Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North

American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc.,

Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc.,

Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a

KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research

Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process,

United Investigation Service of Greater New York, Inc., United States Process Service, Donna

Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members

regarding the Subpoenas, Letters, Notices of Hearing and/or Violation, settlement Agreements,

payment of fines, and surrender of licenses.

25.     Over the period on or about February 27, 2005 to February 3, 2014, and continuously to the

present time, on at least two occasions each, and up to 50 occasions cumulatively, Defendants

Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq.,

James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella,

Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq.,

Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David

Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro,

Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq.,

Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler,

Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq., knowingly and

intentionally caused, conducted, and participated in administrative adjudication hearings on

allegations of violations of the New York City Codes and Rules regulating process servers against

Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and former and

current NYSPPSA members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad

Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie

Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and

Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd.,

Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound

Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service,

LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp.,

D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc.,

Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services,

Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence

Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc.,

Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker

Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc.,

Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC,

On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc.,

Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc.,

Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on

Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members by the New York City Department of

Consumer Affairs Adjudication Division.

26.     At all times hereafter mentioned, Defendants Michael T. Bloomberg, Jonathan Mintz, Alba

Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford

Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip

Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison

Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice

Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. had actual or constructive knowledge that the New York City Administrative Code, Title 20, Chapter 1, §20-106 requires alleged violations of the New York City Codes and Rules regulating process servers to be adjudicated in a criminal proceeding, by a criminal court pursuant to the New York State Penal Law, the New York State Criminal Procedure Law, and the New York City Criminal Courts Act, and/or in an action for injunction by the office of the New York City Corporation Counsel in the New York State Supreme Court.

27.     At all times hereafter mentioned, Defendants Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. had actual or constructive knowledge that the authority to conduct agency adjudicatory hearings was subject to the New York City Charter, City Administrative Procedure Act, Article 45, §1046, and Article 45-a, §1048.

28.     Over a period between September, 2008 and June 12, 2013, and continuing to the present time, on at least two occasions each, and on up to 149 occasions cumulatively, Defendants Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., and James

Plotkin, Esq. knowingly and intentionally caused, and/or engaged in ex parte communications with Defendant Administrative Law Judges Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., and Shanet Viruet, Esq., engaged in ex parte communications, including internal agency directives not published as rules, directing and acknowledging that Administrative Law Judges find in favor of DCA in adjudication proceedings, and impose maximum fines, under threat of adverse action against the Administrative Law Judges including disciplinary action, retaliatory action, demotion, disqualification from promotion, and negative performance evaluations.

29.     Upon information and belief, in or about March, 2012, and on or about April 5, 2013, Defendants Michele Mirro, Esq. and Susan Kassapian, Esq., contacted the office of then-Public Advocate Defendant Bill deBlasio reporting and seeking investigation of Defendants Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., and James Plotkin, Esq. ex parte instructions and orders to Defendant Administrative Law Judges' regarding decision making on adjudications, and received no response, nor, upon information and belief, did Defendant Bill deBlasio otherwise perform his duties under the New York City Charter, Chapter2, § 24(f) and/or 24(k) such as referring the complaints to the NYC Department of Investigation.

30.     Over the period on or about March 31, 2009 to February 18, 2014, and continuing to the present, on at least two occasions each, and up to 39 cumulative occasions, Defendants Jonathan Mintz, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq.

knowingly and intentionally imposed fines on Plaintiff NYSPPSA members and former members

Alvin Gonzalez, Robbie Lawson, and, Bloodhound Process, LLC, Bruce Schwartz Process Server,

and Elite Process Servers, Inc., and putative class members for failure to appear for Department of

Consumer Affairs adjudication hearings, purportedly pursuant to the Rules of the City of New York,

Chapter 6, §1-14.

31.     Over the period between on or about April 19, 2005 and February 18, 2014, and continuing

to the present time, on at least two occasions each and up to 50 occasions cumulatively, Defendants

Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce

Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Michele Mirro, Esq.,

Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan

Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq.,

David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. knowingly and intentionally

adjudicated, or caused the adjudication of Plaintiffs Howard Clarke, and NYSPPSA former and

current members Alvin Gonzalez, Robbie Lawson, Bloodhound Process, LLC, Bruce Schwartz

Process Server, Digital Process Service, Inc., and Elite Process Servers, Inc., and putative class

members without jurisdiction in violation of the New York City Charter, Chapters 45 and 45-a, and

the Administrative Code of the City of New York, Title 20, Chapter 1, §20-106, and imposed fines

in excess of statutory maximums and/or suspended or revoked Plaintiffs' process serving licenses,

which adjudications were documented and memorialized in said Defendants' "Decisions and

Orders".

32.     Over the period between on or about April 19, 2005 and February 18, 2014, and continuing

to the present time, on at least two occasions each, and up to 50 occasions cumulatively, Defendants

Jonathan Mintz, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Michele Mirro,

Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq.,

Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler,

Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. knowingly and

intentionally adjudicated Plaintiffs Howard Clarke, and NYSPPSA former and current members

Alvin Gonzalez, Robbie Lawson, Bloodhound Process, LLC, Bruce Schwartz Process Server, and

Elite Process Servers, Inc., and putative class members in violation of the New York City Codes and

Rules Regulating Process Servers on the basis of unsworn testimony, and without presentation of

evidence at all, or otherwise without Defendant City of New York having met the burden of proof

against Plaintiffs, in violation of the New York City Charter, Chapters 45, 45-a, and 64.

33.     Over a period between on or about August 24, 2011 to September 4, 2013, and continuing

to the present time, on at least two occasions each, and up to 50 occasions cumulatively, Defendants

Jonathan Mintz, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Michele Mirro,

Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq.,

Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler,

Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. knowingly and

intentionally adjudicated, or caused Plaintiffs Howard Clarke, and NYSPPSA former and current

members Alvin Gonzalez, Robbie Lawson, Bloodhound Process, LLC, Bruce Schwartz Process

Server, and Elite Process Servers, Inc., and putative class members to be adjudicated in violation of

two or more separate violations of the New York City Codes and Rules Regulating Process Servers

for the same act and/or omission, and imposed cumulative fines in excess of statutory maximums

on Plaintiffs for the same act and/or omission.

34.     Over the period on or about February 17, 2011 to September, 2008, and continuing to the

present, on at least two occasions each, and up to 40 occasions cumulatively, Defendants Jonathan

Mintz, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq.,  and Judith Gould, Esq. knowingly and intentionally caused or imposed fines 50% - 1000% higher, and suspended and/or revoked Licenses, against Plaintiffs Howard Clarke, and NYSPPSA former and current members Alvin Gonzalez, Robbie Lawson, Bloodhound Process, LLC, Bruce Schwartz Process Server, and Elite Process Servers, Inc., and putative class members who requested hearings as compared to Plaintiffs who either defaulted or signed "Assurance of Discontinuance" agreements or "Consent Orders".

35.     At all times mentioned herein, Defendants Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. acted with a complete absence of jurisdiction in prosecuting and/or adjudicating alleged violations of New York City Codes and Rules regulating process servers against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and former and current NYSPPSA members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of

New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc.,

Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce

Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process

Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson

and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial

Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a

Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV

Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc.,

Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process

Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris,

Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial

Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process

Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations,

Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc.,

Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD

Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process

Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class

members, and therefore do not have judicial or prosecutorial immunity.

36.     Official action with a complete absence of jurisdiction is void, and may be challenged at any

time.

37.     Between the period on or about February 15, 2011 to October 19, 2012, and continuing to

the present, on at least two occasions each and up to 11 occasions cumulatively, Defendants

Jonathan Mintz, Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella,

Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar authored, or caused to be authored, letters to Plaintiff NYSPPSA former member Robert Winckelmann, and putative class members informing said Plaintiffs that Defendants determined to deny renewal of process serving licenses on that grounds that Plaintiffs "failed to demonstrate... the integrity and honesty necessary to hold a process server license in the City of New York pursuant to 20-101 of the New York City Administrative Code", without affording said Plaintiffs notice or a hearing.

38.     During the period on or about October 10, 2010 and continuously to the present, Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. knowingly and intentionally published or caused to be published at least 300 records of "Assurance of Discontinuance" agreements, "Consent Orders", "Notice of Hearing", "Notice of Violation", "Decision and Order", and determination to deny license renewal documents prepared by said Defendants, and issued and rendered against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection

Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,

Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members on Defendants' publicly accessible

website and on other publicly accessible web portals.

### PLAINTIFFS' CLAIMS UNDER 42 U.S.C. 1983,
### THE NEW YORK STATE CONSTITUTION,
### THE NEW YORK CITY CHARTER, and
### THE NEW YORK CITY ADMINISTRATIVE CODE

39.     At all times herein mentioned, the acquisition of a license to serve process in the City of New York is a property right.

40.     The New York City Administrative Code, Title 20, Chapter 2, Subchapter 23, §20-406(c), and Rules of the City of New York, Title 6, Chapter 2, Subchapter W, §2-232d, applicable to individual process server license applicants, requires "each such applicant for a process server license or renewal thereof...to pass an examination satisfactorily; under the supervision of the commissioner, and shall test the knowledge of the applicant concerning proper service of process within the city of New York and familiarity with relevant laws and rules", and to pay an additional fee for every two attempts to pass the examination.

41.     That the stated statutory basis, to demonstrate knowledge of the individual process server applicant concerning proper conduct of their businesses or trade within the city of New York, and "familiarity with relevant laws and rules", as a condition of licensing and license renewal for individual process servers would likewise apply to all other business licensees in the City of New York.

42.     There is no rational basis for Defendant City of New York to require satisfactory completion of an examination for individual process servers as a condition for licensing and renewal to demonstrate knowledge of the conduct of the licensed business within the City of New York, and familiarity with relevant laws and rules, and not have the same requirement for other New York City business licensees.

43.     The requirement that individual process servers pay for and pass an examination as a condition of licensing and renewal arbitrarily and unfairly discriminates against individual process server licensees.

44.     The statutory licensing examination requirement applicable to individual process servers is discriminatory and denies individual process server Plaintiffs and putative class members similarly situated equal protection under the laws in violation of the United States Constitution, 14th Amendt., and the New York State Constitution, Art. 1, §11.

45.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. as officials of the City of New York enacted and implemented official policies and practices to prosecute and adjudicate alleged violations of the New York City Codes and Rules regulating process servers against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold

Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process

Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E.

Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc.,

Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company

Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process

Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp.,

JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc.,

Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc.,

Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc.,

One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc.,

Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service &

Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial

Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc.

d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United

States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and

putative class members, or otherwise did so under color of law.

46.     Defendants' Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Marla Tepper, Esq., Sanford

Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip

Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison

Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice

Rivera, Galina Pikulina, P. Kumar and Susan Kassapian enacted, promulgated, or otherwise

established and implemented policies and practices to issue subpoenas to Plaintiffs Howard Clarke,

Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members

Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman,

Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice

Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA

Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd.,

Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold

Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process

Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E.

Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc.,

Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company

Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process

Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp.,

JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc.,

Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc.,

Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc.,

One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc.,

Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service &

Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial

Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc.

d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United

States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and

putative class members containing commands prohibiting disclosure of the existence of the

subpoenas, or otherwise did so under color of law in violation of Plaintiffs' rights to due process,

and rights to free speech and right to counsel under the United States Constitution, 1st Ament., and the New York State Constitution, Article I, §8.

47.    Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar and Susan Kassapian enacted, promulgated or otherwise established a policy and practice to issue Letters to Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC,

On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc.,

Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc.,

Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on

Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members, or otherwise did so under color of law,

misrepresenting their authority to impose fines for alleged violations of the New York City Codes

and Rules regulating process servers, and coercively soliciting settlement agreements requiring

payment of fines exceeding statutory maximums and consent to injunctive directives not authorized

by law to avoid additional charges or penalties violated the New York City Charter Chapter 64; and,

the New York City Administrative Code, Chapter 1, §20-106; the New York State Criminal

Procedure Law, Article 100; and, the City of New York Criminal Courts Act, Article 4, and deprived

said Plaintiffs' rights to substantive and procedural due process under the United States

Constitution, 14th Ament.; the New York State Constitution Article I, §6; the New York State Civil

Rights Law Art. 2, §2.

48.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James

Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq.,

Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq.,

Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David

Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar and Susan

Kassapian, enacted, promulgated, or otherwise established a policy and practice to issue Notices of

Hearing and/or Notices of Violations charging Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a

Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members with violations of the New York City Codes and Rules Regulating Process Servers, and "Consent Orders", or otherwise doing so under color of law violated the New York City Charter Chapter 64;

the New York City Administrative Code, Chapter 1, §20-106; the New York State Criminal

Procedure Law, Article 100; and, the City of New York Criminal Courts Act, Article 4, exceeding

the outer limits of said Defendants' legitimate government action, was outrageously arbitrary, and,

was a gross abuse of government authority, and deprived Plaintiffs' rights to substantive and

procedural due process under the United States Constitution, 14th Ament.; the New York State

Constitution Article I, Section 6; the New York State Civil Rights Law Art. 2, §2.

49.      Defendants' Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James

Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq.,

Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq.,

Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David

Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar and Susan

Kassapian, policy and practice to enforce the Rules of the City of New York, Chapter 6, Subchapter

W as Rules creating a violation for which a penalty could be imposed violated the New York City

Charter, Chapter 45, Section 1043(d), and Local Law 35/2013, exceeded  the outer limits of said

Defendants' legitimate government action, was outrageously arbitrary, and, was a gross abuse of

government authority, and deprived Plaintiffs' Howard Clarke, Stephen J. Boyko d/b/a

Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg,

Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub,

Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick,

Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New

York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas

Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz

Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service,

LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and

Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process

Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager &

Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process

Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S.

Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc.,

Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North

American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc.,

Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc.,

Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a

KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research

Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process,

United Investigation Service of Greater New York, Inc., United States Process Service, Donna

Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members rights

to substantive and procedural due process under the United States Constitution, 14th Ament.; the

New York State Constitution Article I, Section 6; the New York City Charter Chapter 45.

50.    Defendants' Jonathan Mintz, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin,

Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon

Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day,

Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James,

Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar and Susan Kassapian, policy and

practice to coercively solicit "Assurance of Discontinuance" agreements and/or "Consent Orders"

containing fines in excess of statutory maximums and injunctive directives not authorized by law to

settle alleged violations of the New York City Codes and Rules regulating process servers which they

lacked authority to prosecute against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a

Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg,

Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub,

Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick,

Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New

York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas

Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz

Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service,

LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and

Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process

Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager &

Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process

Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S.

Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc.,

Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North

American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc.,

Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc.,

Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a

KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research

Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process,

United Investigation Service of Greater New York, Inc., United States Process Service, Donna

Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members

violated The New York City Charter, Chapter 64, and exceeded the outer limits of said Defendants'

legitimate government action, was outrageously arbitrary, and, was a gross abuse of government

authority, depriving Plaintiffs' rights to substantive and procedural due process under the United

States Constitution, 14th Ament.; the New York State Constitution Article I, Section 6; the New

York State Civil Rights Law Art. 2, §2.

51.    Defendants', Jonathan Mintz  Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James

Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq.,

Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq.,

Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David

Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar and Susan

Kassapian, policy to coercively solicit Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a

Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg,

Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub,

Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick,

Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New

York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas

Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz

Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service,

LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and

Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process

Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager &

Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process

Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S.

Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members to consent to injunctive directives regulating business practices beyond statutory requirements, and payment of fines and/or civil penalties in excess of statutory maximums, and otherwise waiving statutory and constitutional rights as a condition of license retention violated the New York City Charter Chapter 64; and, exceeded the outer limits of said Defendants' legitimate government action, was outrageously arbitrary, and, was a gross abuse of government authority, depriving Plaintiffs' rights to substantive and procedural due process under the United States Constitution, 14th Ament.; the New York State Constitution Article I, Section 6; the New York State Civil Rights Law Art. 2, §2.

52.     Defendants Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq. Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq, Steven T. Kelly, Esq.,

Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes,

Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq.

policy and practice to designate the Department of Consumer Affairs Adjudication Tribunal to

adjudicate alleged violations of the New York City Codes and Rules Regulating Process Servers, and

"Consent Orders" notwithstanding the complete absence of jurisdiction violated the New York City

Charter, Chapter 64 and 45-a, the New York State Criminal Procedure Law, the New York City

Criminal Courts Act, and exceeded the outer limits of said Defendants' legitimate government

action, was outrageously arbitrary, and, was a gross abuse of government authority, depriving

Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA

former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad

Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie

Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and

Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd.,

Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound

Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service,

LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp.,

D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc.,

Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services,

Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence

Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc.,

Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker

Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc.,

Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC,

On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members rights to substantive and procedural due process under the United States Constitution, 14th Ament.; the New York State Constitution Article I, Section 6; the New York State Civil Rights Law Art. 2, §2.

53.    Defendants' Michael T. Bloomberg, Jonathan Mintz, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq. policy to issue ex parte internal agency directives not otherwise published as Rules to Defendant Administrative Law Judges to find in favor of DCA in administrative adjudication proceedings, and to impose maximum fines, under threat of disciplinary action, retaliatory action, demotion, disqualification from promotion, and implementation of negative performance evaluations against the Administrative Law Judges violated the New York City Charter Chapter 45, exceeded the outer limits of said Defendants' legitimate government action, was outrageously arbitrary, and, was a gross abuse of government authority, and deprived Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members' rights to due process under the United States Constitution, 14th Ament.; and, the New York State Constitution Article I, Section 6.

54.    Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. policy and practice to impose fines for failure to appear for Department of Consumer Affairs adjudication hearings, purportedly pursuant to the Rules of the

City of New York, Chapter 6, §1-14, without prior notice violated the New York City Charter,

Chapters 45, 45-a, and 64, exceeded the outer limits of said Defendants' legitimate government

action, was outrageously arbitrary, and, was a gross abuse of government authority, and deprived

Plaintiffs' NYSPPSA members and former members Alvin Gonzalez, Robbie Lawson, and,

Bloodhound Process, LLC, Bruce Schwartz Process Server, and Elite Process Servers, Inc., and

putative class members rights to due process under the United States Constitution, 14th Ament.; and,

the New York State Constitution Article I, Section 6.

55.    Defendants' Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James

Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff,

Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice

Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq.,

Shanet Viruet, Esq., and Judith Gould, Esq. policy and practice to conduct adjudications, and issue

decisions finding Plaintiffs in violation of the New York City Codes and Rules Regulating Process

Servers without sworn testimony, and in some cases without any presentation of evidence at all,

without proof beyond a reasonable doubt, and shifting the burden of proof to the accused violated

the New York City Charter Chapters 45 and 64, exceeded the outer limits of said Defendants'

legitimate government action, was outrageously arbitrary, and, was a gross abuse of government

authority, and deprived Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims

Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca,

Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection

Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,

Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members rights to due process under United States

Constitution, 14th Ament.; and the New York State Constitution Article I, Section 6.

56.     Defendants' Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James

Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff,

Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice

Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq.,

Shanet Viruet, Esq., and Judith Gould, Esq. policy to impose fines 50% - 1000% higher, and

suspend or revoke licenses of Plaintiffs who requested hearings with significantly higher frequency

than Plaintiffs who either defaulted or signed "Consent Orders" violated the New York City Charter

Chapter 45, exceeded the outer limits of said Defendants' legitimate government action, was

outrageously arbitrary, and, was a gross abuse of government authority, and deprived Plaintiffs

Howard Clarke, and NYSPPSA former and current members Alvin Gonzalez, Robbie Lawson,

Bloodhound Process, LLC, Bruce Schwartz Process Server, and Elite Process Servers, Inc., and

putative class members rights to equal protection of the laws under the United States Constitution,

14th Amendt., and the New York State Constitution, Art. 1, §11.

57.     Defendants Jonathan Mintz, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin,

Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee

Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-

Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet

Viruet, Esq., and Judith Gould, Esq. policy to impose multiple punishments for the same offense

constitutes excessive fines, exceeded the outer limits of said Defendants' legitimate government

action, was outrageously arbitrary, was a gross abuse of government authority, and shocks the

conscience, and deprives Plaintiffs Howard Clarke, and NYSPPSA former and current members

Alvin Gonzalez, Robbie Lawson, Bloodhound Process, LLC, Bruce Schwartz Process Server, and

Elite Process Servers, Inc., and putative class members right to protections from excessive fines and

cruel and inhuman punishment under the U.S. Constitution, 8th Amendt., the New York State

Constitution, Art. 1, §5, and the New York State Civil Rights Law, Art. 2, §11.

58.     Defendants' Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq.,

Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq.,

Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq.,

Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita

Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P.

Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq.,

Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes,

Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq.

policy and practice to impose monetary fines and/or civil penalties against Plaintiffs in excess of the

amounts permitted under the Administrative Code of the City of New York, Title 20 violated the

New York City Administrative Code, Tile 20, exceeded the outer limits of said Defendants'

legitimate government action, was outrageously arbitrary, and, was a gross abuse of government

authority, and deprived Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims

Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca,

Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members' rights to due process and rights against excessive fines under U.S. Constitution, 8th Amendt. And 14th Amendt.; the New York State Constitution, Art. 1, §5 and §6, and the New York State Civil Rights Law, Art. 2, §11.

59.     Defendants' Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq. policy and practice to deny renewal of process serving licenses without a hearing on the grounds that Plaintiffs "failed to demonstrate... the integrity and honesty necessary to hold a process server license in the City of New York pursuant to 20-101 of the New York City Administrative Code" violated the New York City Administrative Code, Title 20, Chapters 1 and 2, and deprived Plaintiffs Robert Winckelmann, and putative class members' property rights without due process in violation of the U.S. Constitution, 14th Amendt.; the New York State Constitution, Art. 1, §6.

60.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David

Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro,

Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq.,

Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler,

Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. policy and practice to

publish "Assurance of Discontinuance" agreements", "Consent Orders", "Notice of Hearing",

"Notice of Violation", "Decision and Order", and determination not to renew license documents,

issued and procured in violation of the New York City Charter, Chapters 45, 45-a, and 64, and the

Administrative Code of the City of New York, Title 20, Chapters 1 and 2, and the New York State

Criminal Procedure Law, imputing fraud, dishonesty, misconduct, and unfitness in Plaintiffs'

business practices on Defendants' public website exceeded the outer limits of said Defendants'

legitimate government action, was outrageously arbitrary, and, was a gross abuse of government

authority, and deprived Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims

Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca,

Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection

Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,

Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members' rights to due process under the New

York City Charter Chapter 45, the New York State Constitution, Article 1, §6, and the United States

Constitution, 14th Ament.

61.     Defendants, acting pursuant to official policy and practice, or otherwise under color of law,

deprived Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and

NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules

Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection

Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,

Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members of a protected property right.

62.     Defendant City of New York is liable for the acts and omissions by its officials and

employees pursuant to policies and practices promulgated and implemented by Defendants in their

official capacities, or otherwise under color of law.

63.     The individual Defendants have demonstrated their intention to continue their unlawful

actions against Plaintiffs.

64.     One or more members of Plaintiff NYSPPSA are suffering immediate or threatened injury

as a result of the actions of Defendants.

65.     Plaintiff NYSPPSA seeks to devote its resources to activities aimed at leadership, education,

and legislation in the process serving industry.

66.     As a result of Defendants' actions, the demand of certain members of Plaintiff NYSPPSA for more individualized services, such as investigation, counseling and intervention to address Defendants' actions, has increased.

67.     As a result of the individual Defendants' actions, Plaintiff NYSPPSA has had to divert greater resources to more individualized services and away from the education and industry reform efforts in which it engages.

68.     Plaintiffs are entitled to a permanent injunction, enjoining Defendants from commencing and conducting adjudication proceedings against Plaintiffs for alleged violations of the New York City Codes and Rules Regulating Process Servers.

69.     The individual Defendants' actions caused monetary losses to Plaintiffs Howard Clarke, Stephen J. Boyko, Inc. d/b/a Consolidated Claims, NYSPPSA, and putative class members in the form of payment of counsel fees and fines, loss of income, loss of profits, and deprived Plaintiffs' potential for producing income or expected profit, entitling Plaintiffs to an award of compensatory damages against Defendants.

70.     Plaintiffs are entitled to an award of exemplary and/or punitive damages against Defendants.

71.     Plaintiffs are entitled to an award of reasonable legal fees under 42 U.S.C. 1988.

## PLAINTIFFS' CLAIMS UNDER 18 U.S.C. 1964

72.     Process serving is a public function and a state function, and affects interstate commerce.

73.     The New York City Department of Consumer Affairs is an enterprise, the activities of which affect interstate and foreign commerce.

74.     At all times hereafter mentioned, the adjudication of the New York City Codes and Rules Regulating Process Servers is an enterprise, the activities of which affect interstate and foreign commerce.

75.     At all times hereafter mentioned, the Adjudication Tribunal for the New York City

Department of Consumer Affairs is an enterprise, the activities of which affect interstate commerce.

76.     Defendants Michael T. Bloomberg and Jonathan Mintz had knowledge that DCA officials

were not vested with jurisdiction to enforce or adjudicate alleged violations of the New York City

Codes and Rules regulating process servers as evidenced by their repeated unsuccessful

introductions of legislation to the New York City Council seeking to expand the adjudicative

authority of the Department of Consumer Affairs since at least 2004.

77.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James

Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq.,

Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq.,

Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David

Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, had knowledge

that the Department of Consumer Affairs was not vested with jurisdiction to adjudicate alleged

violations of the New York City Codes and Rules regulating process servers as evidenced by their

inability to cite with precision the statutory of their purported authority to prosecute alleged

violations of the New York City Codes and Rules regulating process servers [as required by the New

York City Charter, Chapter 45, §1046(a)(2)], and also, having reviewed, studied, and cited decisions

of DCA administrative law judges dating back to 2005, which specifically referenced and referred to

the New York City Administrative Code §20-106 as a "criminal prosecution" statute.

78.     Defendants Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T.

Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A.

DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith

Gould, Esq. had knowledge that the Department of Consumer Affairs was not vested with

jurisdiction to enforce or adjudicate alleged violations of the New York City Codes and Rules regulating process servers as evidenced by their repeated reference to the New York City Administrative Code §20-106 as a "criminal prosecution" statute in their decisions and orders.

79.    The Subpoenas issued by and on behalf of Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar, directed to Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc.,

One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class contained fraudulent representations that said Defendants were not authorized to make in their official capacities, specifically that said Defendants possessed the statutory authority to prohibit said Plaintiffs from disclosing the existence of the subpoenas under threat of civil penalties and sanctions, which representations were false because of said Plaintiffs' right to free speech guaranteed by the New York State Constitution, Art. 1, §8, and the United States Constitution, 1st Amendt.

80.     The individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar caused the Subpoenas to be deposited and delivered  and/or transmitted by, and used the United States Post Office and/or private or commercial interstate carrier, and/or by wire in interstate commerce on at least two occasions each, and on up to 180 occasions cumulatively, between the period September 14, 2004 and September 10, 2012, as part of a scheme for collection of unlawful debt in violation of 18 USC 1341 and 1343, and 18 USC 1961 et. seq.

81.     Defendants' Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar directive prohibiting disclosure of the existence of the subpoenas were made without official authority, to intimidate, threaten, or corruptly persuade, or an attempt to do so, with intent to hinder, delay, or prevent communication by said Plaintiffs to a law enforcement officer or judge of the United States, of information relating to Defendants' Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. deprivation or possible deprivation, and conspiracy to deprive said Plaintiffs of their constitutional or civil rights, Federal offenses pursuant to 18 U.S.C. 241 and 18 U.S.C. 242, in violation of 18 USC 1512(b)(3), and 18 USC 1961 et. seq.

82.     The Letters authored by or on behalf of the individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar transmitted to Plaintiffs

Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members contained false statements and/or fraudulent representations that said Defendants were not authorized to make in their official capacities, specifically, that said Defendants

were authorized to prosecute alleged violations of New York City Codes and Rules regulating Process Servers; that Rules regulating process servers were duly enacted, amended, or reviewed as Rules creating violations for which a penalty may be imposed; that said Defendants were authorized to coercively solicit "Assurance of Discontinuance" agreements or Consent Orders to settle alleged violations of the New York City Codes and Rules regulating Process Servers, including injunctive directives regulating and restricting business practices beyond statutory provisions, and to impose fines in excess of statutory maximums, and, that said Defendants were authorized to threaten additional charges and additional fines if said Plaintiffs did not settle the alleged violations by a specified date, which statements were false because said Defendants were not empowered or authorized to prosecute alleged offenses against the New York City Codes and Rules regulating process servers, nor to promulgate policy beyond legislative policy, nor to impose fines or injunctive directives exceeding the boundaries of statutory law.

83.     The individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Susan Kassapian, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar caused the said Letters to be delivered and/or transmitted by, and used the United States Post Office and/or private or commercial interstate carrier, and/or by wire in interstate commerce on at least two occasions each, and on up to 337 occasions between the period January 8, 2009 and November 27, 2013 as part of a scheme for collection of unlawful debt in violation of 18 USC 1341 and 1343, and 18 USC 1961 et. seq.

84.     The "Assurance of Discontinuance" agreements and "Consent Orders" created and/or caused to be created by individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq.,

Sanford Cohen, Esq., Susan Kassapian, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar knowingly and intentionally contained false statements and/or fraudulent representations that said Defendants were not authorized to make in their official capacities, specifically, that said Defendants were authorized to prosecute alleged offenses against the New York City Codes and Rules Regulating Process Servers; that the Rules regulating process servers were duly enacted, amended, or reviewed as rules creating violations for which a penalty may be imposed; that said Defendants were authorized to coercively solicit "Assurance of Discontinuance" agreements or Consent Orders including injunctive directives regulating and restricting business practices beyond legislative enactment, and to impose fines in excess of statutory maximums, and; that said Defendants were authorized to impose penalties for future violations including fines in excess of statutory maximums, to be cumulative, and revocation of license and license ineligibility for five (5) years.

85.     The individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Susan Kassapian, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar caused "Assurance of Discontinuance" agreements and "Consent Orders" to be delivered and/or transmitted by, and used the United States Post Office and/or private or commercial interstate carrier, and/or by wire in interstate commerce on at least two occasions each, and on up to 337 occasions between January 8, 2009 and

November 27, 2013 as part of a scheme for collection of unlawful debt in violation of 18 USC 1341 and 1343, and 18 USC 1961 et. seq.

86.     The "Notices of Hearing" and "Notices of Violation" prepared by and on behalf of individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Susan Kassapian, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar knowingly and intentionally contained false statements and/or fraudulent representations that said Defendants were not authorized to make in their official capacities, specifically, that the said New York City Department of Consumer Affairs officials are authorized to prosecute alleged violations of the New York City Codes and Rules regulating process servers in the Consumer Affairs Adjudication Tribunal, and the New York City Department of Consumer Affairs Adjudication Tribunal was authorized to adjudicate alleged violations of the New York City Codes and rules Regulating Process Servers, and violations of "Consent Orders" against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members; that the Rules regulating process servers were duly enacted, amended, or reviewed as Rules which create a violation for which a penalty may be imposed; and, that said Defendants were authorized to seek disqualification of said Plaintiffs from being granted any license issued by the Department of Consumer Affairs on the grounds of alleged violations of the New York City Codes and Rules regulating Process Servers, which representations were false because said Defendants were not empowered to prosecute the New York City Codes and Rules regulating process servers in the Consumer Affairs Adjudication Tribunal; the Rules were never enacted, amended, or reviewed as rules creating a violation for which a penalty may be imposed; and there is no statutory basis for said Defendants to issue an order disqualifying a licensee from any City business license.

87.     The individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Susan Kassapian, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar caused "Notices of Hearing" and "Notices of Violation" to be transmitted and delivered through and by use of the United States Post Office and/or private or commercial interstate carrier, and/or by wire in interstate commerce on at least two occasions each, and on up to 337 occasions between February 27, 2005 and November 27, 2013 as part of a scheme for collection of unlawful debt in violation of 18 USC 1341 and 1343, and 18 USC 1961 et. seq.

88.     The individual Defendants Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Susan Kassapian, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, and P. Kumar transmission, delivery, and publication of said Subpoenas, Letters denying renewal of licenses, Notices of Hearing/Violation, Letters coercively soliciting settlements, and "Assurance of Discontinuance" agreements and "Consent Orders" against Plaintiffs Howard Clarke, Stephen J. Boyko, Inc. d/b/a Consolidated Claims, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog
Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal
Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process
Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated
Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global
Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard
Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &
Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney
Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process
Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process
Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection
Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,
Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's
Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of
Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process
Servers, and ZW Agency, Inc., and putative class members on at least two occasions each, and on at
least 337 occasions cumulatively during the period on or about February 27, 2005 to November 27,
2013, and continuing to the present time, contained threats by said Defendants to subject said
Plaintiffs to investigations and to charge said Plaintiffs with violations of the New York City Codes
and Rules regulating process servers, to impose maximum fines and other sanctions on said
Plaintiffs, to allege additional charges and additional fines if Plaintiffs do not enter settlement
agreements, to destroy said Plaintiffs' businesses by imposition of larger fines, to publish disparaging
information conveying dishonesty, fraud, and misconduct in said Plaintiffs' business practices

among government agencies, attorneys and courts, to revoke or deny renewal of licenses, and

disqualify said Plaintiffs from receiving any business license issued by the New York City

Department of Consumer Affairs, and were issued without authority under color of right, and

enabled said Defendants to obtain property from said Plaintiffs, and said Defendants did in fact

obtain said property, in the form of payment of fines and/or return of licenses, and payment of

costs for additional overhead to follow said Defendants injunctive directives to facilitate said

Defendants oversight and disciplinary action in the process serving industry, to pay for background

checks on employees or sub-contractors, pay for training, prepare extensive records and additional

forms, and provide additional documentation for audit, all with said Plaintiffs' consent, said

Plaintiffs' being aware that said Defendants had the ability to destroy said Plaintiffs' businesses, and

also had control over said Plaintiffs' licenses, and also had influence on New York City officials and

in New York City and State Courts, and said Defendants' threats and removal of property from said

Plaintiffs did and does affect interstate commerce and cause said Defendants to be in violation of 18

U.S.C.1951 and 18 U.S.C. 1961 et. seq.

89.     The individual Defendants' Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce

Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq. ex parte

communications to Defendant NYC Administrative Law Judges directing said Administrative Law

Judges to adhere to internal Agency policies, to find in favor of DCA in adjudication proceedings

against Plaintiffs, and to impose maximum and excessive fines against Plaintiffs, under threat of

economic harm against the Administrative Law Judges in the form of professional disciplinary

action, demotion, disqualification from promotion, and implementation of negative performance

evaluations were intended to intimidate, threaten, or corruptly persuade said Administrative Law

Judges, or an attempt to do so, with intent to hinder, delay, or prevent communication to a law

enforcement officer or judge of the United States, of information relating to Defendants'
deprivation or possible deprivation, and conspiracy to deprive Plaintiffs of their constitutional or
civil rights, Federal offenses pursuant to 18 U.S.C. 241 and 18 U.S.C. 242, in violation of 18 USC
1512(b)(3), and 18 USC 1961 et. seq.

90.     Defendants' Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Michele Mirro,
Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq.,
Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler,
Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq.  "Decisions and
Orders" knowingly and intentionally contained false statements and/or fraudulent representations
that said Defendants were not authorized to make in their official capacities, specifically, that
Defendants Alvin Liu, Esq., Nicholas J. Minella, Esq., Jordan Cohen, Philip Kimball, Lori Barrett,
Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., and
Margarita Marsico, Esq. were authorized to prosecute, and Defendants Michele Mirro, Esq., Mitchell
B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian,
Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David
Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. were authorized to adjudicate alleged
violations of the New York City Codes and Rules regulating Process Servers and "Consent Orders"
in the Department of Consumer Affairs Adjudication Tribunal, and to revoke or suspend licenses in
connection with those adjudications, and to impose fines in excess of statutory maximums, which
representations were false and fraudulent because the NYC Admin. Code, Ch. 1, §20-106 classifies
alleged violations of the New York City Codes and Rules regulating Process Servers as offenses over
which exclusive jurisdiction is vested in the criminal courts.

91.     The individual Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis,

Esq., James Plotkin, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven

T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn

A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith

Gould, Esq. caused the "Decisions and Orders" after hearing to be transmitted and delivered by

U.S. Mail, interstate carrier and/or interstate wire communication in interstate commerce on at least

two occasions each, and on up to 60 occasions cumulatively between April 19, 2005 and February

18, 2014 as part of a scheme for collection of unlawful debt in violation of 18 USC 1341 and 1343,

and 18 USC 1961 et. seq.

92.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James

Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq.,

Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq.,

Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq. Letters to

Plaintiff NYSPPSA former member Robert Winckelmann and putative class members informing

said Plaintiffs that said Defendants determined to deny renewal of process serving licenses, without

a hearing, on that grounds that Plaintiffs "failed to demonstrate... the integrity and honesty necessary

to hold a process server license in the City of New York pursuant to 20-101 of the New York City

Administrative Code" contained false statements and fraudulent representations which said

Defendants were not authorized to make in their official capacities, specifically that said Defendants

had authority to deny license renewal under the New York City Administrative Code, § 20-101

without a hearing, which statements were false because the Administrative Code, §20-101 codifies a

statement of legislative intent, and does not create a specific standard of conduct which was

intended to serve as the basis of a violation, and the Administrative Code, §104(g) requires notice and a hearing prior to any denial of renewal of a license.

93.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq. Letters denying Plaintiff NYSSPA former member Robert Winckelmann and putative class members renewal of their licenses were transmitted and delivered by said Defendants through the United States Post Office and/or private or commercial interstate carrier, and/or by wire in interstate commerce on at least two occasions each, and on up to 11 occasions cumulatively between February 15, 2011 and October 19, 2012 as part of a scheme for collection of unlawful debt in violation of 18 USC 1341 and 1343, and 18 USC 1961 et. seq.

94.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Nicholas J. Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Esq., Jordan Cohen, Esq., Philip Kimball, Esq. Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq., on at least two occasions each, between the period on or about February 27, 2005 and May 15, 2014, and continuously to the present, knowingly and intentionally published at least 300 records of "Assurance of Discontinuance" agreements", "Consent Orders", "Notice of Hearing", "Notice of

Violation", "Decision and Order", and determination not to renew license documents issued and

rendered against Plaintiffs Howard Clarke, Stephen J. Boyko, Inc. d/b/a Consolidated Claims, and

NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules

Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection

Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,

Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members on the public website of the New York

City Department of Consumer Affairs, containing false statements and/or fraudulent representations that said Defendants were not authorized to make in their official capacities, specifically, that said Defendants were authorized to prosecute and adjudicate alleged violations of the New York City Codes and Rules Regulating Process Servers, and of "Consent Orders" in the New York City Department of Consumer Affairs Adjudication Tribunal; said Defendants' were authorized to impose injunctive directives regulating and restricting process server business practices beyond statutory regulations; Defendants were authorized to impose fines for Rules not duly enacted, amended, or reviewed as Rules creating violations for which a penalty may be imposed; Defendants were authorized to impose fines in excess of statutory maximums; and, Defendants were authorized to suspend, revoke, and deny renewal of licenses without adherence to statutory and constitutional substantive and procedural law, which documents containing false statements and fraudulent representations were published by interstate wire transmission with the intention of furtherance of Defendants' scheme for collection of unlawful debt in violation of 18 USC 1343, and 18 USC 1961 et. seq.

95.     Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Nicholas J. Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Esq., Jordan Cohen, Esq., Philip Kimball, Esq. Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. criminal conduct enabled said Defendants to acquire and maintain control, conduct, and participate

in the enterprises of prosecuting and adjudicating New York City Codes and Rules regulating

process servers, enterprises which affect interstate commerce.

96.      The individual Defendants Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Nancy

Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq.,

Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball,

Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene

Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera,

Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq.,

Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq.,

Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq.,  and

Judith Gould, Esq. knowingly and intentionally engaged in a scheme to defraud Plaintiffs to avoid

the use of resources, delay, and uncertainty of State court proceedings; to exercise complete control

over licenses to persuade said Plaintiffs Howard Clarke, Stephen J. Boyko, Inc. d/b/a Consolidated

Claims, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca,

Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection

Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,

Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc. and putative class members to pay fines and agree to injunctive

directives using their authority and influence as officials and employees of the City of New York,

and by issuing subpoenas prohibiting communication and disclosure under threat of sanctions and

penalties, issuing Notices ordering said Plaintiffs to appear for hearing before the Department of

Consumer Affairs Adjudication Tribunal, charging violations and informing Plaintiffs they were

subject to maximum fines and revocation of their licenses; issuing Letters coercively soliciting

settlement agreements with injunctive provisions and unlawful fines with the caveat that if

settlement agreements were not signed, Plaintiffs may be subject to additional charges and additional

fines; engaging in ex parte communications directing and coercing Administrative Law Judges to

find in favor of the Department of Consumer Affairs; conducting administrative adjudications by

shifting the burden of proof on the accused; imposing fines in the tens of thousands of dollars and

revoking business licenses for inconsequential record keeping errors; rendering decisions creating

legal precedent for future adjudications and appeals; publicizing violations, consent orders, and

adjudication orders on a public website, and imparting dishonesty, fraud, and misconduct in

Plaintiffs' business practice, in furtherance of Defendants' scheme to acquire, maintain, and conduct

prosecution and adjudication of violations of process server regulations, and collect unlawful fines

and retain maximum proceeds of fines collected in violation of 18 U.S.C. 1951 and 18 U.S.C.  1961

et. seq.

97.     As a result of Defendants Michael Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler,

Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Nicholas J.

Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Esq., Jordan Cohen, Esq., Philip Kimball,

Esq. Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene

Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera,

Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq.,

Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq.,

Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and

Judith Gould, Esq. fraudulent representations and false statement, Plaintiffs Howard Clarke,

Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members

Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman,

Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice

Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA

Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd.,

Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold

Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process

Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E.

Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc.,

Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company

Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process

Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp.,

JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc.,

Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc.,

Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc.,

One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc.,

Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service &

Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial

Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc.

d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United

States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and

putative class members were placed in fear of exposure to fines in the tens of thousands of dollars,

and loss of their licenses and their livelihoods, compelling said Plaintiffs to consent to sign

settlement agreements further regulating and restricting their business practices beyond statutory

provisions and waiving their constitutional and statutory rights, surrendered licenses, and paid fines.

98.     The individual Defendants Michael Bloomberg, Jonathan Mintz, Alba Pico, Nancy

Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq.,

Nicholas J. Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Esq., Jordan Cohen, Esq., Philip

Kimball, Esq. Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison

Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice

Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes,

Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong,

Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. intended to defraud Plaintiffs at the time the false statements and fraudulent representations were transmitted.

99.     As a result of Defendants Michael Bloomberg, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Nicholas J. Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Esq., Jordan Cohen, Esq., Philip Kimball, Esq. Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. collected fine revenue 500% to 1000% above the amounts permitted by law, and retained a larger portion of the proceeds of the fine revenue than if they would have referred the alleged violations for criminal prosecution, created a revenue source to avoid increasing taxes to avoid negative political consequences, received employment promotions, pay raises, and/or bonuses, and upgraded office furnishings, technology and staff.

100.    Defendants Michael T. Bloomberg, Jonathan Mintz, Alba Pico, Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes,

Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq.

directly or indirectly acquired and maintained an interest in and control over the prosecution and

adjudication of alleged violations of the New York City Process Server regulations, and of the New

York City Department of Consumer Affairs Adjudication Tribunal, all enterprises  which affect

interstate commerce, by a pattern of racketeering conduct, specifically, mail and wire fraud, witness

tampering, and extortion, and collecting unlawful debt, in violation of 18 U.S.C. §1962(b).

101.    As a result of Defendants fraudulent actions and acquisition and maintenance of control

over prosecution and adjudication of New York City Codes and Rules regulating process servers,

Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA

former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad

Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie

Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and

Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd.,

Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound

Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service,

LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp.,

D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc.,

Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services,

Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence

Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc.,

Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker

Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc.,

Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC,

On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc.,

Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc.,

Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on

Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members were injured as follows: Plaintiffs were

caused to pay fines and had licenses suspended, revoked, and denied renewal based on alleged

violations of Rules which were never enacted, amended, or reviewed as Rules creating violations for

which a penalty may be imposed; said Plaintiffs were caused to pay fines 200% - 2000% higher than

minimum and maximum fines provided by law; Plaintiffs were coerced into signing settlement

agreements which placed stricter record keeping, reporting, and monitoring regulations on their

business practices, causing Plaintiffs to hire more staff, invest in more equipment and technology,

and otherwise incur more overhead expenses, reducing profits; and Plaintiffs' business practices

were publicly ridiculed, denounced, and disparaged by City officials resulting in loss of clients,

contracts, loss of work, and loss of income.

102.     The individual Defendants Michael Bloomberg, Jonathan Mintz, Alba Pico, Marla Tepper,

Esq., Sanford Cohen, Esq., Nicholas J. Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Esq.,

Jordan Cohen, Esq., Philip Kimball, Esq. Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq.,

Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James,

Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar knowingly and intentionally

participated in the prosecution of New York City Codes and Rules regulating process servers against

Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA

former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad

Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie

Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and

Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd.,

Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound

Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service,

LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp.,

D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc.,

Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services,

Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence

Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc.,

Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker

Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc.,

Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC,

On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc.,

Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc.,

Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on

Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members without jurisdiction in violation of the

Administrative Code for the City of New York, Title 20, Chapter 1, Section 20-106, and the New

York City Charter, Chapters 45 and 45-a through a pattern of racketeering activity, specifically mail and wire fraud, witness tampering, and extortion, and collection of unlawful debt.

103.    Defendants Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq. knowingly conducted, or participated directly or indirectly in the conduct of the adjudication of the alleged process server violations against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members without jurisdiction in violation of the Administrative Code for the City of New York, Title 20, Chapter 1, Section 20-106, and the New York City Charter, Chapters 45 and 45-a through a pattern of racketeering activity, specifically and collection of unlawful debt in violation of 18 U.S.C. §1962(c).

104.    Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. were enabled to commit the predicate offenses, specifically mail and wire fraud, witness tampering, and extortion solely by virtue of their positions with the New York City Department of Consumer Affairs, and involvement in and control over the affairs of the New York City Department of Consumer Affairs, and the predicate offenses were related to the activities of the New York City Department of Consumer Affairs.

105.    Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy

Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq.,

Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball,

Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene

Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera,

Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq.,

Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq.,

Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq.,

Nancy Tumelty, Esq., and Judith Gould, Esq. had knowledge of the individual Defendants' goals to

acquire and maintain control of the prosecution and adjudication of the New York City Codes and

Rules Regulating Process Servers and "Consent Orders" through a scheme of knowingly and

intentionally ignoring the statutory provisions vesting jurisdiction in the criminal courts under the

provisions of Administrative Code, Title 20, §20-106(a), and taking control and asserting authority

and jurisdiction to administratively adjudicate violations under the Administrative Code, Title 20,

§104(e); ignoring the New York City Charter, Chapters 45 and 45-a providing for authority and

jurisdiction of the New York City Office of Administrative Trials and Hearings over adjudicatory

hearings for all agencies of the city unless otherwise provided, and instead adjudicating process

server violations through the Department of Consumer Affairs Tribunal; exerting  pressure on

process servers to sign settlement agreements and pay fines without a hearing by suggesting that if

they don't settle, they may face additional charges and fines; requiring process servers to accept

injunctive directives and unlawful fines as a condition to settle violations; engaging in ex parte

communications with administrative law judges and/or hearing officers, including internal agency

directives not published as rules to favor the Department of Consumer Affairs, and to routinely

impose unlawful and excessive fines in the thousands of dollars; and, conspired by words or actions manifesting an agreement to commit at least two predicate acts, specifically mail and wire fraud, witness tampering, and extortion, which violate 18 U.S.C. 1962, subsections (b) and/or (c), in violation of 18 U.S.C. 1962(d).

106.     Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. agreed to commit and did commit at least two instances each of mail and wire fraud, witness tampering and/or extortion over the period February 27, 2005 and November 27, 2013 against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and

Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process

Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager &

Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process

Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S.

Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc.,

Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North

American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc.,

Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc.,

Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a

KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research

Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process,

United Investigation Service of Greater New York, Inc., United States Process Service, Donna

Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members.

107.    Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy

Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq.,

Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball,

Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene

Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera,

Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq.,

Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq.,

Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq.,

Nancy Tumelty, Esq., and Judith Gould, Esq., through the commission of two or more acts each

constituting mail and wire fraud, witness tampering, and extortion over period extending between at

least April 19, 2005 and February 18, 2014, with a threat of future mail and wire fraud, witness

tampering, and extortion, directly or indirectly acquired and or maintains control in, conducted or

participated in the  prosecution and adjudication of New York City Codes and Rules regulating

process servers enterprises, the activities of which affects interstate or foreign commerce.

108.     As a result of the individual Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan

Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper,

Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan

Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor,

Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez,

Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq.,

Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice

Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq.,

Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. acquisition, conduct, and

maintenance of an interest in and control over the enterprises of enforcement and adjudication of

alleged violations of New York City Codes and Rules Regulating Process Servers, and "Consent

Orders", and, as a result of the individual Defendants' conduct and participation, directly or

indirectly, in the conduct of said enterprises' affairs through a pattern of racketeering activity,

specifically mail and wire fraud, witness tampering, and extortion, and collection of unlawful debt,

Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA

former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad

Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie

Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and

Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd.,

Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members were deprived of property, and continue to be deprived of property by payment of legal fees to defend said Defendants' actions, payment of unlawful fines, and caused loss of business income and profits as a result of said Defendants' actions creating interference with said Plaintiffs' existing licenses, business enterprises and employment relationships, for so long as said Defendants' actions are permitted to continue.

109.   Defendants have demonstrated their intention to continue their unlawful actions against Plaintiffs.

110.    One or more members of NYSPPSA are suffering immediate or threatened injury as a result of the individual Defendants' actions.

111.    Plaintiff NYSPPSA seeks to devote its resources to activities aimed at leadership, education, and legislation in the process serving industry.

112.    As a result of the individual Defendants' actions, the demand for more individualized services, such as investigation, counseling, and intervention has increased.

113.    As a result of the individual Defendants' actions, NYSPPSA has had to divert greater resources to more individualized services and away from the reform efforts in which it engages.

114.    Plaintiff NYSPPSA has been caused to divert scarce resources away from other organization activities as a result of the actions of the individual Defendants.

115.     Plaintiffs are entitled to a permanent injunction pursuant to 18 U.S.C. 1964(a), enjoining the individual Defendants from prosecuting or adjudicating alleged violations of the New York City Codes and Rules Regulating Process Servers.

116.    Plaintiffs are entitled to an injunction, treble damages, costs, and attorney's fees pursuant to 18 U.S.C. 1964.

**PLAINTIFFS CLAIMS FOR DEFAMATION PER SE PURSUANT
TO NEW YORK STATE LAW**

117.    The individual Defendants' Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar procured the "Assurance of Discontinuance" agreements and "Consent Orders" against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims

Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members were obtained under false pretenses, as a result of said Defendants' false statements and fraudulent representations.

118.    The said Defendants' "Assurance of Discontinuance" agreements and "Consent Orders" against Plaintiffs were obtained by force by means of said Defendants' wrongful threats to allege additional charges, impose additional fines and sanctions, and/or deprive of their licenses unless said Plaintiffs signed the agreements, precluding said Plaintiffs' exercise of free will.

119.    The individual Defendants' Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. "Notice of Hearing", "Assurance of Discontinuance" agreements, "Consent Orders", and "Decision(s) and Order(s)"adjudicating Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc.,

Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members in violation of the New York City Codes and Rules Regulating Process Servers were prepared, procured, and rendered with a complete absence of jurisdiction, in violation the New York City Charter, the New York City Administrative Code, Chapter 1, Section 20-106, the Rules of the City of New York, Title 6, Chapter 2, the New York State Criminal Procedure Law, and New York City Criminal Courts Act are voidable by Plaintiffs and/or void.

120.    The said Defendants' "Notice(s) of Hearing", "Assurance of Discontinuance" agreements, "Consent Orders", and "Decision(s) and Order(s)" contain false statements and/or false representations by said Defendants that the said Plaintiffs violated, admitted violating, or were adjudicated in violation of New York City Rules Regulating process servers which were duly enacted, amended, or reviewed as Rules creating a violation for which a penalty may be imposed, imputing fraud, dishonesty, misconduct, or unfitness regarding said Plaintiffs' business practices.

121.    Defendants Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Marla Tepper, Esq., Sanford

Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip

Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison

Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice

Rivera, Galina Pikulina, P. Kumar Letters to Plaintiffs Robert Winckelmann and putative class

members, stating the New York City Department of Consumer Affairs determined to deny renewal

of process serving licenses were prepared, procured, and rendered in violation the New York City

Charter, the New York City Administrative Code, Chapter 1, § 20-104(g), the Rules of the City of

New York, Title 6, Chapter 2, the New York State Criminal Procedure Law, and New York City

Criminal Courts Act, without jurisdiction, and are therefore void.

122.    The said Defendants' Letters to Plaintiffs Robert Winckelmann and putative class members,

stating the Department of Consumer Affairs determined to deny renewal of process serving licenses

contained false statements and fraudulent representations by said Defendants, specifically that said

Plaintiffs were lawfully adjudicated to have "failed to demonstrate... the integrity and honesty

necessary to hold a process server license in the City of New York pursuant to 20-101 of the New

York City Administrative Code", which statements were false or fraudulent, and imputed fraud,

dishonesty, misconduct or unfitness regarding said Plaintiffs' business practices.

123.    Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy

Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq.,

Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball,

Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene

Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera,

Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq.,

Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. "Notice of Hearing", "Assurance of Discontinuance" agreements", "Consent Orders",  "Decision and Order", and determination not to renew letter documents against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members contain false and fraudulent statements

and representations, specifically that said Plaintiffs engaged in conduct classified as violations under

the New York City Codes and Rules Regulating Process Servers; that said Plaintiffs failed to comply

with rules applicable to process servers, and violated "Consent Orders"; that said Plaintiffs were

lawfully adjudicated in violation and/or lawfully admitted to such violations in settlement of the

alleged violations; that fines were lawfully imposed on said Plaintiffs and/or that said Plaintiffs

lawfully consented to such fines; that said Plaintiffs' licenses were lawfully surrendered, suspended,

revoked, or denied renewal by Defendants,  and/or that said Plaintiffs lawfully consented to such

surrender, suspension, revocation, or denial of renewal of such licenses in settlement of such

violations; and/or, that injunctive directives were lawfully imposed on said Plaintiffs, and/or that

said Plaintiffs lawfully consented to the injunctive directives of said Defendants.

124.    Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy

Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq.,

Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball,

Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene

Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera,

Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq.,

Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq.,

Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq.,

Nancy Tumelty, Esq., and Judith Gould, Esq. statements contained in Defendants' "Assurance of

Discontinuance" agreements", "Consent Orders", "Decision(s) and Order(s)" and determination

not to renew letters against Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims

Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca,

Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik

Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael

Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve

Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc.,

Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog

Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal

Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process

Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process Service, Inc., Federated

Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global

Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard

Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating &

Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney

Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process

Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process

Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection

Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services,

Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's

Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of

Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process

Servers, and ZW Agency, Inc., and putative class members contain false and/or fraudulent

statements by said Defendants which impart fraud, dishonesty, misconduct or unfitness by said Plaintiffs in their businesses.

125.     Upon information and belief, from October 10, 2010, and continuously to the date hereof, Defendants Michael T. Bloomberg, Bill deBlasio, Jonathan Mintz, Alba Pico, Nancy Schindler, Esq., Bruce Dennis, Esq., James Plotkin, Esq., Marla Tepper, Esq., Sanford Cohen, Esq., Alvin Liu, Esq., Nicholas J. Minella, Esq., Shannon Bermingham, Jordan Cohen, Philip Kimball, Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., Nancy Tumelty, Esq., and Judith Gould, Esq. published the "Notice of Hearing", "Assurance of Discontinuance" agreements", "Consent Orders", "Decision(s) and Order(s)", and determination not to renew letter documents issued and rendered against said Plaintiffs Howard Clarke, Stephen J. Boyko d/b/a Consolidated Claims Service, and NYSPPSA former and current members Sara Baer, Samuel Berg, Arthur Cappabianca, Jules Doodnath, Ahmad Farhat, Alan Feldman, Abraham Franco, Joel Golub, Alvin Gonzalez, Erik Johnson, Robbie Lawson, Andre Meisel, Janice Lee Quadara, Wendy Resnick, Juan Roldan, Michael Smith, and Robert Winckelmann; and, AAA Attorney Service Co. of New York, Inc., Accu-Serve Process Ltd., Allied Legal Services, Ltd., Alstate Process Service, Inc., Atlas Judicial Service Co., Inc., Bloodhound Process, LLC, Bold Appellate Solutions, Bruce Schwartz Process Server, Bulldog Process Service, LLC, Capital Process Servers, Inc., C-ME Process Service, LLC, Contessa Legal Process Corp., D.L.S. Inc., Adolphus E. Dickerson d/b/a Dickerson and Associates, Digital Process Service, Inc., Elite Process Servers, Inc., Enterprise, EPS Judicial Process

Service, Inc., Federated Legal Services, Inc., Gallagher & Company Adjusters, Inc. d/b/a Gallager & Company, Global Intelligence Associates, LLC, Global Process Service Co., Inc., GMV Process Service, Inc., Howard Belfer, Inc., Interboro Process Serving Corp., JDM Services, Inc., Joseph S. Lougliste, Keating & Walker Attorney Service, Inc., Legalease, Inc., Maverick Process Service, Inc., Metro Attorney Service, Inc., Nationwide Process Service, Inc., Nicoletti & Harris, Inc., North American Process Serving, LLC, On the Go Process Serving, Inc., One World Judicial Services, Inc., Paragon Process Service, Inc., Premier Legal Services, Inc., Progressive Process Service, Inc., Prudent Protection Service, Inc., Rock Legal Process Service & Investigations, Kenneth Rung d/b/a KR Legal Services, Sav-on Process Inc., Supreme Judicial Services, Inc., Target Research Investigation Corp., Traveler's Worldwide Process Service Inc. d/b/a/ RD Traveler's Process, United Investigation Service of Greater New York, Inc., United States Process Service, Donna Visvader d/b/a Preferred Process Servers, and ZW Agency, Inc., and putative class members on The Department of Consumer Affairs' public website.

126.    The statements contained in said Defendants' online publications of "Notice of Hearing", "Assurance of Discontinuance" agreements", "Consent Orders", "Decision and Order", and determination not to renew letter documents concerning said Plaintiffs are fraudulent and false, impute fraud, dishonesty, misconduct or unfitness regarding Plaintiffs' business practices, and are defamatory per se.

127.    One or more members of NYSPPSA, are suffering immediate or threatened injury as a result of Defendants' actions.

128.    Plaintiff NYSPPSA seeks to devote its resources to activities aimed at leadership, education, and legislation in the process serving industry.

129.     As a result of Defendants' actions, the demand for more individualized services, such as investigation, counseling, and intervention has increased.

130.     As a result of Defendants' actions, NYSPPSA has had to divert greater resources to more individualized services and away from the reform efforts in which it engages.

131.     Plaintiff NYSPPSA has been caused to divert scarce resources away from other organization activities as a result of the actions of Defendants.

132.     Defendants are liable to Plaintiffs for compensatory damages.

**PLAINTIFFS' CLAIMS CHALLENGING THE CONSTITUTIONALITY OF NYC ADMIN. CODE 20-406, AND CERTAIN RULES OF THE CITY OF NEW YORK, TITLE 6, CHAPTER 2, SUBCHAPTER W**

131.     Pursuant to Chapter 45 of the NYC Charter, § 1043(d)(1)(c), each agency of Defendant City of New York, in adopting rules to carry out the powers and duties delegated it, is required to provide for a cure period or other ameliorative action by the party(ies) subject to enforcement where a rule involves the establishment or modification of a violation, or to provide an explanation of the reason(s) a cure period or other opportunity for ameliorative action was not included.

132.     Pursuant to Local Law 35/2013, Defendants Michael Bloomberg and Jonathan Mintz were charged with the duty to retrospectively review the provisions of the NYC Admin. Code and the Rules of the City of New York which establish violations which are enforced by the Department of Consumer Affairs, and submit  report to Defendant Michael Bloomberg and the Speaker of the NYC Council by August 21, 2013 regarding those existing violations for which  a penalty or fine may be assessed for which there is no cure period or other opportunity for ameliorative action by the party(ies) subject to enforcement prior to the imposition of a penalty or fine, including a recommendation for a cure period, or a rationale for the absence of  cure period.

133.    Defendants Michael Bloomberg and Jonathan Mintz have failed to perform the retrospective review and provide a report to the NYC Council with regard to the Rules regulating process servers.

134.    The continued enforcement of the Rules as violations which create a penalty is therefore invalid.

135.    The New York City Codes and Rules Regulating Process Servers are penal in nature, providing for criminal penalties pursuant to New York City Administrative Code, Chapter 1, §20-106, and must be construed and applied narrowly.

136.    Upon information and belief, the following NYC Codes and Rules enacted by Defendant City of New York to regulate the business practices of Plaintiffs were not lawfully enacted, amended, or enforced as violations for which a penalty may be imposed.

137.    The following NYC Codes and Rules enacted by Defendant City of New York fail to provide notice of required conduct, and/or forbid acts in terms so vague that persons of ordinary intelligence must guess at its meaning and differ as to its application, and fail to provide officials with clear standards for enforcement and permit arbitrary enforcement in every instance. In addition,

a)    The provisions of the New York City Administrative Code, Title 20, Chapter 2, Section 20-406.2 is overbroad and vague on its face. The rule permits process serving agencies to be "legally responsible" for any "failure to act in accordance with the laws and rules" by each process server to whom it has distributed, assigned or delivered process for service. The term "legally responsible" is vague and overbroad because it does not specify or distinguish civil or criminal liability; "for any failure to act in accordance with the laws and rules governing service of process" is also vague and overbroad because it implies strict liability, and may apply to statutory law, case law, or both; "by each process server to whom it has distributed, assigned or delivered process for service" is also

vague and overbroad, and permits liability to be imposed for any infraction by any individual process server to whom the agency has ever assigned process for service, regardless whether that assignment resulted in actual service . It also does not provide guidance whether the "failure to act" requires a previous adjudication of failure to act on the part of the process server. Defendants have been applying the law against Plaintiffs arbitrarily, such as charging NYSPPSA former member Digital Process Service, Inc., an agency with a violation of NYC Admin. Code §20-406.2 for an alleged violation by an individual of the Rules.

b)     The Rules of the City of New York, Title 6, Chapter 2, Subchapter W, Sections 6 RCNY 2-233, 2-233a, 2-233b, 2-234a, 2-235, and 2-236 are vague as applied, because, upon information and belief, they were never enacted, amended, or retrospectively reviewed as violations for which penalties could be imposed in accordance with the New York City Charter 1043(d), or Local Law 35/2013 for regulatory consistency, to include an analysis why they do not provide specific cure provisions consistent with the regulatory policies and directives of the City Council.

c)     6 RCNY 2-233 sets forth manual record keeping requirements. Subdivision (a)(1) requires "legible records", however what may be legible to some, may not be legible to others. Subdivision (a)(2)(i) permits abbreviation of the title of the action, but is silent as to permissible abbreviations for other entries such as the address or court. Subdivision (b)(8) permits corrections of records, and does not set forth a time limit. Defendants arbitrarily prosecute Plaintiffs for violations without permitting any opportunity for correction.

d)     6 RCNY 2-233a(c) permits the amendment of electronic records, and does not set a time frame. Defendants arbitrarily prosecute Plaintiffs for violations without permitting any opportunity for correction of records.

e)      6 RCNY 2-233b(a) is vague on its face because it requires creation of GPS records, and acknowledges that GPS signals are not available at all locations. The Rule provides that when a GPS signal is not available, the record is to be made by "triangulated cell tower signals", but no provision is made for the case when GPS and cell tower signals are not accessible.

f)      6 RCNY 2-234a(a)(3) is vague on its face because it is subject to differing interpretations along a spectrum of perceptions of "integrity and honesty", and is dependent on the outcome of arbitrary enforcement as described herein.

g)      6 RCNY 2-234a(b)(2)(v) is vague on its face because it requires agencies to report each process server who does not comply with "the law governing process servers", and requires agencies to interpret the regulations, and make factual determinations whether a process server is in compliance or not, which is subject to differing interpretations for both the regulator and the regulated, permitting arbitrary interpretation and enforcement.

h)      N.Y.C. Admin. Code 20-101 is vague as applied because although the provision is entitled "Legislative Intent", it does not set forth a clear standard of conduct. Defendants use it as a basis of alleging a violation against Plaintiffs, alleging Plaintiffs "failed to demonstrate integrity and honesty", and arbitrarily imposing penalties therefore.

138.    The foregoing provisions of City law are vague on their face and/or as applied to Plaintiffs.

139.    The aforementioned statutes deprive Plaintiffs' due process guarantees of the New York State and United States Constitutions.

133.    One or more members of NYSPPSA, are suffering immediate or threatened injury as a result of Defendants' actions.

134.    Plaintiff NYSPPSA seeks to devote its resources to activities aimed at leadership, education, and legislation in the process serving industry.

135.    As a result of Defendants' actions, the demand for more individualized services, such as investigation, counseling, and intervention has increased.

136.    As a result of Defendants' actions, NYSPPSA has had to divert greater resources to more individualized services and away from the reform efforts in which it engages.

140.    Plaintiff NYSPPSA has been caused to divert scarce resources away from other organization activities as a result of the actions of Defendants.

141.    Plaintiffs are entitled to declaratory judgment, declaring the stated Code provisions and Rules vague as applied and/or on their face, and therefore unconstitutional and void.

**WHEREFORE**, Plaintiffs demand the following relief:

i)      An Order certifying Plaintiffs as a class pursuant to F.R.C.P. 23;

ii)     Injunction prohibiting Defendant City of New York from prosecuting alleged violations of the New York City Code, Title 20, Chapter 2, Subchapter 23, and the Rules of the City of New York, Title 6, Chapter 2, Subchapter W against Plaintiffs, and,

iii)    Judgment declaring New York City Code, Title 20, Chapter 2, Subchapter 23, Sections 20-406(c) and 20-409(a) unconstitutional;

iv)     a permanent injunction, enjoining Defendant City of New York from enforcing New York City Code, Title 20, Chapter 2, Subchapter 23, Sections 20-406(c) and 20-409(a);

v)      Judgment declaring Rules of the City of New York, Title 6, Chapter 2, Subchapter W, unconstitutional as applied, and void;

vi)     Declaratory judgment, declaring that under the current legislative provisions, the New York City Department of Consumer Affairs is not authorized to commence proceedings for civil penalties or take adverse action against a Process Server licensee for violations of the New York City Administrative Code, Title 20, Chapter 2, Subchapter 23 or Rules of the City of New York, Title 6,

Chapter 2, Subchapter W unless and until a final adjudication of conviction by a court of competent

jurisdiction against the licensee, pursuant to the New York City Administrative Code, Title 20,

Sections 20-106(a) and 20-104(e), and 20-409 and 20-409.1;

vii)     Declaratory judgment declaring the "Assurance of Discontinuance" agreements and

"Consent Orders" between Plaintiffs and the New York City Department of Consumer Affairs void

and unenforceable;

viii)    Judgment rescinding and/or vacating all "Assurance of Discontinuance" agreements and

"Consent Orders" between Plaintiffs and the New York City Department of Consumer Affairs;

ix)      Permanent injunction enjoining Defendants from enforcing or adjudicating alleged

violations of  "Assurance of Discontinuance" agreements and "Consent Orders";

x)       Judgment awarding Plaintiffs compensatory, exemplary, and/or punitive damages against

Defendants on Plaintiffs claims as permitted under the United States Code;

(xi)     Judgment awarding Plaintiffs compensatory, exemplary, and/or punitive damages against

Defendants on Plaintiffs claims as permitted under the laws of the State of New York;

xii)     Judgment awarding Plaintiffs treble damages against Defendants as permitted under the

United States Code;

xiii)    Judgment awarding Plaintiffs reasonable attorneys on Plaintiffs claims as permitted under

the United States Code; and,

xiv)     For such other and further relief permitted by law, and as the Court may deem just.

Dated:  Mt. Sinai, NY
        May 16, 2014                               s/Tracy J. Harkins
                                             TRACY J. HARKINS, ESQ.
                                             Attorney for Plaintiffs
                                           48 Birch Hill Road
                                           Mount Sinai, NY 11766
                                           (631) 476-3750
                                           Email: tjharkinsesq@optonline.net