UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

New York State Professional Process Servers Association, Inc. on behalf of itself and aggrieved former and current members, and Howard D. Clarke, and Stephen J. Boyko, Inc. d/b/a Consolidated Claims Service, Individually, and as Representatives for all similarly situated Process Server Individuals and Process Serving Agencies as defined by the New York City Administrative Code, Title 20, Chapter: 2, § 20-404,

                 Plaintiffs,

14 CV 1266 (DLC) (MHD)

Against

City of New York, and Michael T. Bloomberg, Bill de Blasio, Jonathan E. Mintz, Alba Pico, Marla Tepper, Esq., Sandford Cohen, Esq., Nancy Schindler, Esq., Bruce Dennis, Esq., James M. Plotkin, Esq., Nicholas J. Minella, Esq., Alvin Liu, Esq., Shannon Bermingham, Jordan Cohen, Esq., Philip Kimball, Esq., Lori Barrett, Esq., Megan Roberts, Esq., Wanda Day, Esq., Fred R. Cantor, Esq., Allison Rene Johnson, Esq., Margarita Marsico, Esq., David Cho, K. James, Wilfredo Lopez, Esq., Eunice Rivera, Galina Pikulina, P. Kumar, Michele Mirro, Esq., Mitchell B. Nisonoff, Esq., Lee Fawkes, Esq., Steven T. Kelly, Esq., Nancy Tumelty, Esq., Susan Kassapian, Esq., Maurice Nwikpo-Oppong, Esq., Eryn A. DeFontes, Esq., Richard Zeitler, Jr., Esq., David Scott Paul, Esq., Shanet Viruet, Esq., and Judith Gould, Esq., all Individually and in their capacities as officials and employees of the City of New York,

                 Defendants.

------------------------------------------------------------------------- x

## CITY DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

         ZACHARY W. CARTER
         Corporation Counsel of the City of New York
         Attorney for City Defendants
         100 Church Street, Room 5-179
         New York, New York 10007
         (212) 356-2210

SHERYL R. NEUFELD
MARK W. MUSCHENHEIM
JASMINE M. GEORGES
  *of Counsel*

The City defendants,[1] by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, submit this reply memorandum of law in further support of their motion to dismiss the amended complaint.

## ARGUMENT

A.    **Enforcement of the Process Server Rules Are Not Limited to Only Criminal Court Proceedings.**

Plaintiffs' opposition brief persists in contending that the Process Server Rules[2] can only be enforced in criminal court, and that the agency charged with licensing process servers, the New York City Department of Consumer Affairs ("DCA"), is precluded from enforcing these rules in administrative proceedings. Pls.' Opp. Br., at 7. In doing so, plaintiffs essentially ignore the detailed analysis set forth in defendants' moving brief that explained the array of enforcement options provided by the applicable legal provisions. See Defs.' Br., at 4-7. And while plaintiffs continue to rely on the "[e]xcept as otherwise specifically provided" language of Administrative Code § 20-106 to support their contention, they do not address (much less counter) the analysis of this provision in defendants' moving brief: that this language is set forth for the limited purpose of referencing specific chapter two provisions that establish criminal penalties that differ from those in section 20-106(a). Id. at 5.

---

[1] This office represents the defendant City of New York ("City") and all of the individually named defendants, except defendants Michele Mirro and Susan Kassapian (both represented by Walter Kretz) and Enrique Rivera (sued herein as Eunice Rivera).

[2] The provisions relating to process servers are set forth in the New York City Administrative Code ("Administrative Code") §§ 20-403, et seq. Regulations pertaining to process servers are set forth in the Rules of the City of New York ("RCNY"). See 6 RCNY §§ 2-231, et seq. The Administrative Code and RCNY provisions applicable to process servers are collectively referred to as the "Process Server Rules."

Plaintiffs also argue that defendants' analysis "simply disregard[s] and dismiss[es]" section 20-106; that argument is inaccurate. Pls.' Opp. Br., at 7. As noted in defendants' moving brief, that section provides one of the enforcement options. Defs.' Br., at 5 ("The Administrative Code ... provides an array of enforcement options: criminal penalties can be sought under" section 20-106). Plaintiffs' argument is particularly ironic since they never explain how the other enforcement options, such as Administrative Code § 20-104(e), survive their misguided interpretation that criminal court has exclusive jurisdiction over the Process Server Rules. Indeed, plaintiffs' theory of DCA's limited jurisdiction -- which has somehow escaped the attention of numerous appellate courts[3] -- would apply not just to licensed process servers, but to numerous other categories of DCA licensees.

Plaintiffs also contend, incorrectly, that "the legislature has not evidenced any intent to grant authority to [DCA] to adjudicate alleged process server regulations." Pls.' Opp. Br., at 9. But plaintiffs ignore Administrative Code § 20-104(e), which specifically authorizes DCA "to impose or institute fines or civil penalties for the violation of (i) any of the provisions of chapter two of this title and regulations and rules promulgated under chapter two of this title." See also Administrative Code § 20-101 (emphasis added) (legislative intent notes the City Council finding that "sanctions and penalties applied by [DCA]... for the violation of laws and regulations by [entities] engaging in various licensed activities must be sufficient to achieve [the] purposes of licensing").

**B.  Plaintiffs' Claims Against the Individual Defendants Fail.**

Plaintiffs' opposition papers fail to rebut the fact that the individual defendants are shielded by absolute immunity. In their opposition papers, plaintiffs assert that the mere

---

[3] See, e.g., Barr v. Dep't of Consumer Affairs, 70 N.Y.2d 821 (1987).

2

allegation in the amended complaint that "specified Defendants, acting in prosecutorial and quasi-judicial capacities, acted with a complete absence of jurisdiction," without more, is enough to negate the doctrine of absolute immunity. See Pls.' Opp. Br., at 25. However, as set forth in defendants' moving brief, the absolute judicial immunity of those involved in DCA's enforcement process (such as Administrative Law Judges) "is not overcome by allegations of bad faith or malice," nor can those involved in the enforcement process be deprived of immunity "because the action he took was in error or was in excess of his authority." Mireles v. Waco, 502 U.S. 9, 11, 13 (1991). See also Defs.' Br., at 22-23. Since plaintiffs allege that the individual defendants violated plaintiffs' rights while engaged in the DCA enforcement process, the individual defendants are shielded by absolute immunity, and the claims against these defendants must consequently be dismissed.

### C. Plaintiffs' Racketeer Influenced and Corrupt Organizations Act Claim Fails.

Initially, plaintiffs' RICO claim fails against defendant City of New York (and individual defendants named in their official capacity) because a municipality cannot form the intent that is required to establish a RICO predicate act. See Defs.' Br., at 12. Furthermore, as set forth in Point B above, the individual defendants involved in enforcing the Process Server Rules have absolute immunity from suits for damages allegedly arising from such involvement.

Even assuming that plaintiffs could get past these hurdles, plaintiffs fail to allege any claims in their opposition brief which establish that defendants' actions violate RICO, 18 U.S.C. §§ 1961 et seq. In their opposition brief, plaintiffs do nothing more than reiterate the standard for establishing a RICO violation. See Pls.' Opp. Br., at 18. Indeed, plaintiffs have not asserted RICO violations with any particularity (i.e. who, what, when, and where). It is not enough to simply list the names of all the defendants and allege that all the named defendants engaged in RICO violations against all the named plaintiffs. Rather, plaintiffs must specify each

3

individual defendants' contribution to the predicate acts asserted so that each defendant may know and appropriately respond to that of which they are accused. See DiVittorio v. Equidyne Extractive Industries, Inc., 822 F. 2d 1242, 1247 (2d. Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Here, plaintiffs have failed to do so.

As set forth in defendants' moving brief, plaintiffs' allegations of various crimes as predicate acts to establish a RICO violation fail as a matter of law. Indeed, plaintiffs failed to plead their allegations of mail and wire fraud with sufficient particularity under Rule 9(b). Furthermore, plaintiffs add nothing in support of their purported claim of witness tampering. See Pls.' Opp. Br., at 20-21. Plaintiffs' assert in their opposition brief that the Court may infer that "if the potential informant Plaintiffs or Administrative Law Judges communicated with an attorney or a government official regarding the unlawful actions of the specified Defendants, at least one of these communications would have been communicated to a federal law enforcement officer to state a plausible claim under 18 U.S.C. § 1951(b)(3)." Pls.' Opp. Br., at 21. However, plaintiffs have not asserted any specific facts relating to the alleged unlawful actions of the defendants from which the Court could reasonably infer anything. Indeed, plaintiffs have not stated any facts regarding which defendant did or said what to which plaintiff and when, such that each individual defendant would be put on notice of his/her alleged participation in the alleged witness tampering. Nor do plaintiffs allege with any particularity that any of the named individual defendants hindered, delayed, or prevented the communication of information relating to any federal offense, as required by 18 U.S.C. § 1512(b)(3). Therefore, plaintiffs fail to establish witness tampering as a predicate act for RICO purposes.

4

In addition, plaintiffs' opposition brief adds nothing to further their purported claim of extortion under 18 U.S.C. § 1951. Indeed, as set forth in defendants' moving brief, defendants' actions were merely the exercise of defendants' authority under the Process Server Rules, which, as demonstrated above and in defendants' moving brief, are entirely legal. As plaintiffs have failed to assert any allegations regarding defendants' actions which were taken outside of their legal authority pursuant to the Process Server Rules, plaintiffs fail to state a claim for extortion. Therefore, plaintiffs cannot establish any predicate criminal acts, and plaintiffs fail to state a cause of action for a RICO violation.

**D.     Plaintiffs' Remaining Claims Fail.**

Plaintiffs also set forth, scattershot style, a slew of additional claims or contentions. All fail. For instance, plaintiffs contend that the Process Server Rules were not properly enacted. Pls.' Opp. Br., at 13. Yet plaintiffs fail again to discuss (or contest) the fact that their time to challenge any technical infirmities is time barred, or the fact that City Charter § 1043(d)(3) explicitly provides that inadvertent failure to comply with the detailed adoption procedures "shall not result in the invalidation of any rule." See also Defs.' Br., at 20.

Similarly, plaintiffs' opposition brief is completely devoid of any support for plaintiffs' defamation claim. Instead, plaintiffs simply re-assert their purported claim in a one-sentence long paragraph, without discussing (much less contesting) any of the arguments raised in defendants' moving brief. See Pls.' Opp. Br., at 25. Their claim fails for the reasons set forth in the moving brief. Defs.' Br., at 21-22.

Plaintiffs also contend that defendants argued that they "are authorized to impose penalties beyond statutory limits" (Pls.' Opp. Br., at 11), but curiously fail to cite to any document that supports such an assertion; their failure is not surprising, since defendants do not make such an argument. And plaintiffs claim that defendants have imposed fines that are not

5

authorized (id.), but fail to cite to any specific instances where defendants have done so. See also Defs.' Br., at 17.  Plaintiffs also take issue with the consent orders that DCA has entered into, but any such challenge fails since parties that enter into such agreements waive their rights to litigate.  See Defs.' Br., at 9 n. 12.

Finally, plaintiffs' arguments in support of their equal protection, substantive and procedural due process, and void for vagueness claims (Pls.' Opp. Br., at 14-17) do not address the points set forth in defendants' moving brief, and fail for the reasons set forth in that brief. See Defs.' Br., at 7-11, 18-21.

## CONCLUSION

For the reasons set forth above and in the moving brief, plaintiffs' amended complaint should be dismissed.

Dated:     New York, New York
           June 27, 2014

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                          City of New York
                        Attorney for City Defendants
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2210

                        By: /s/ Jasmine Georges
                            Jasmine M. Georges (JG-5412)
                            Assistant Corporation Counsel

SHERYL R. NEUFELD
MARK W. MUSCHENHEIM
JASMINE M. GEORGES,
     Of Counsel